NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOLDEX-METRIC, INC., a California corporation, | No. 13-55446 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01742-GHK-AGR |
| v. | |
| MCKEON PRODUCTS, INC., a Michigan Corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted February 11, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Moldex-Metric, Inc. appeals the district court's grant of summary judgment

in its trademark infringement action against McKeon Products, Inc. We review

grants of summary judgment de novo. *Surfvivor Media, Inc. v. Survivor Prods.*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

406 F.3d 625, 630 (9th Cir. 2005).  Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

In *Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159 (1995), the Supreme Court addressed when a color could receive trademark protection (in that case, the green-gold color on dry cleaning press pads).  The Court held that even if a color rendered some functionality for the product, the color could still receive trademark protection.  *Id.* at 166.  A key inquiry under *Qualitex* is whether the color "is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage."  *Id.* at 165 (internal quotation marks omitted).  The Court held that the green-gold color on the dry cleaning press pads could receive trademark protection despite some functionality, as other colors achieved the same goal of hiding stains.  *Id.* at 166.

By not addressing essentiality when analyzing the functionality of the ear plugs' green color, the district court erred.  The district court relied on the non-exclusive factors described in *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998), understanding those factors to be dispositive.  While the *Disc Golf* factors are "legitimate considerations," *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1072 n.8 (9th Cir. 2006), that "this

circuit typically considers," *Talking Rain Beverage Co. v. S. Beach Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003), a court cannot rigidly apply these factors and ignore *Qualitex*'s focus on essentiality. We do not fault the district court for overlooking *Qualitex*, as our precedent is less than clear in this area.

Although we doubt summary judgment on functionality grounds would be appropriate in this case, we leave it to the district court to assess functionality in light of *Qualitex* in the first instance. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) ("Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena.") (internal quotation marks omitted). Each party shall bear its own costs on appeal.

VACATED, REVERSED, and REMANDED.

*Moldex-Metric, Inc. v. McKeon Products, Inc.*, No. 13-55446

WATFORD, Circuit Judge, dissenting:

The majority faults the district court for not adhering to the functionality doctrine established by *Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159 (1995). But as the district court recognized, *Qualitex* is not the last word on functionality: Our circuit has placed its own gloss on *Qualitex*, which the district court was required to follow. *See Au-Tomotive Gold, Inc. v. Volkswagen of America, Inc.*, 457 F.3d 1062, 1072 & n.8 (9th Cir. 2006). The district court applied our precedent correctly, so I would affirm.

The district court started by quoting our decision in *Disc Golf Association v. Champion Discs, Inc.*, 158 F.3d 1002 (9th Cir. 1998), which explains that a "product feature is functional 'if it is essential to the use or purpose of the article.'" *Id.* at 1006 (quoting *Qualitex*, 514 U.S. at 165). That is the very standard the majority suggests the district court "overlooked." The district court then correctly recognized that our precedent renders a product feature "essential" only if an examination of four factors so designates it. *See Au-Tomotive Gold*, 457 F.3d at 1072 & n.8; *Talking Rain Beverage Co. v. South Beach Beverage*, 349 F.3d 601, 603 (9th Cir. 2003); *Disc Golf*, 158 F.3d at 1006. The district court applied that four-factor test and, in my view, the record supports the district court's conclusions. The majority asserts that the district court applied the four factors too

rigidly, but the district court merely weighed the factors as we have instructed. *See, e.g.*, *Talking Rain*, 349 F.3d at 603 (noting that the existence of alternative designs can't trump the other three factors); *Disc Golf*, 158 F.3d at 1009 (noting that advertising is "strong evidence of functionality" (internal quotation marks omitted)).  If the test is rigid, we have made it so.

The district court applied the test for functionality that our circuit's law requires.  The majority may not like that test, and I can understand why:  It does appear as though our circuit's law has strayed from *Qualitex*'s core principles.  But we can't in fairness fault the district court for refusing to revamp the test for functionality, something that only an en banc court or the Supreme Court can do.